JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1506-JST (MANx)                                      Date:  September 30, 2011

Title:  Deutsche Bank National Trust Co. v. Kenneth F. Kolar, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2011-00509465**

   On September 20, 2011, Plaintiff Deutsche Bank National Trust Co. as Trustee for Harborview Mortgage Loan Trust 2007-2 commenced this unlawful detainer action in Orange County Superior Court.  On September 28, 2011, Defendants Kenneth F. Kolar and Sheree K. Kolar filed their Notice of Removal.  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte.  See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).

   When reviewing a notice of removal, "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction of [the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (alteration in original) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

   On removal, a defendant can establish subject matter jurisdiction through federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 11-1506-JST (MANx) | Date:  September 30, 2011 |

Title:  Deutsche Bank National Trust Co. v. Kenneth F. Kolar, et al.

the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  Diversity jurisdiction exists when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State" and "the amount in controversy exceeds $75,000."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 89 (2005); 28 U.S.C. § 1332(a).

      Here, Plaintiff's Complaint does not assert any federal claims.  Moreover, it does not appear from any pleading that the parties are diverse, and, regardless, the Complaint seeks relief in an amount less than $10,000.  Hence, there is neither federal question nor diversity jurisdiction.  For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case.  This case is therefore REMANDED to Orange County Superior Court, Case No. 30-2011-00509465.

Initials of Preparer:  <u>enm</u>